UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS FREITAS,

    Plaintiff,

v.

R.J. REYNOLDS TOBACCO COMPANY;
PHILIP MORRIS USA INC.; SANTA FE
NATURAL TOBACCO COMPANY, INC.;
REYNOLDS AMERICAN INC., and
WALMART, INC.,

    Defendants.
_____/

Case No.: 8:25-cv-271
State Case No.: 24-005053-CI

**NOTICE OF REMOVAL OF CIVIL ACTION**
**AND DEMAND FOR JURY TRIAL**

    Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., and Reynolds American Inc. (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of defenses, hereby remove this action from the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  Removal is appropriate under 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332.  Defendants state the following as grounds for removal:

**Procedural Background**

    1.    On November 15, 2024, Plaintiff Ross Freitas filed a lawsuit against Defendants and Walmart Inc. in the Circuit Court of the Sixth Judicial Circuit, in and

for Pinellas County, Florida, in the case styled as *Ross Freitas v. Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., Reynolds American Inc., and Walmart Inc.*, Case No. 2024-005053-CI (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, true and correct copies of all process, pleadings, and orders filed and served in the State Court Action are attached.

2. In his Complaint, Plaintiff alleges that he developed chronic obstructive pulmonary disease (COPD) and suffered a heart attack as the result of smoking cigarettes allegedly designed, manufactured, and sold by Defendants. *See generally* Compl. and Demand for Jury Trial (Nov. 15, 2024). Plaintiff's Complaint asserts six causes of action against Defendants: Negligence (Count I), Breach of Warranty – Defective Design (Count II), Fraudulent Misrepresentation (Count III), Fraudulent Concealment (Count IV), Civil Conspiracy (Count V), and Violations of Florida Statutes § 672.314 (Count VI).[1] Compl. at 46–87. Plaintiff seeks "compensatory and multiple damages" against all Defendants. *Id.* at 87.

3. Plaintiff served Defendants with his Complaint on January 13 and January 14, 2025. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

## Diversity Jurisdiction

4. This action is removable pursuant to 28 U.S.C. § 1441(b) because it is within the original jurisdiction of this Court under 28 U.S.C. § 1332, as it is a civil

---

[1] Count VI is the only cause of action asserted against Defendant Walmart Inc. Walmart Inc. consents to removal of this action.

2

action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## I. Complete Diversity Exists Between the Parties

5.  The Complaint filed in Pinellas County Florida, alleges that Plaintiff is, and "[a]t all times material and relevant to this action" was, a citizen of the State of Florida and a resident of Oldsmar, Florida. *See* Compl. ¶¶ 2, 5. According to the allegations in the Complaint, Plaintiff is a resident and citizen of Florida for purposes of diversity jurisdiction. *See Katz v. J.C. Penney Corp.*, Case No. 09-CV-60067, 2009 WL 1532129 (S.D. Fla. June 1, 2009) ("It is well established that a party's residence is *prima facie* evidence of a party's domicile"), citing, *e.g.*, *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.  Defendant Philip Morris USA Inc. ("PM USA") is, and was at the time the State Court Action was filed, a corporation organized under the laws of Virginia with a principal place of business in Virginia. Compl. ¶ 6. PM USA is accordingly a citizen of the State of Virginia for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

7.  Defendant Reynolds American Inc. ("RAI") is, and was at the time the State Court Action was filed, a corporation organized under the laws of North Carolina with a principal place of business in North Carolina. *See* Compl. ¶ 10. RAI

3

is accordingly a citizen of the State of North Carolina for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

8. Defendant R.J. Reynolds Tobacco Company ("Reynolds") is, and was at the time the State Court Action was filed, a corporation organized under the laws of North Carolina with a principal place of business in North Carolina, and is an indirect, wholly owned subsidiary of RAI. Compl. ⁋ 7. Reynolds is accordingly a citizen of the State of North Carolina for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

9. Defendant Santa Fe Natural Tobacco Company ("Santa Fe") is, and was at the time the State Court Action was filed, a corporation organized under the laws of New Mexico with a principal place of business in North Carolina, and is an indirect, subsidiary of RAI. *See* Compl. ⁋ 9. Santa Fe is accordingly a citizen of both the State of New Mexico and the State of North Carolina for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

10. Defendant Walmart Inc. ("Walmart") is, and was at the time the State Court Action was filed, a corporation organized under the laws of Delaware with a principal place of business in Arkansas. Compl. ⁋ 11. Walmart is accordingly a citizen of both the State of Delaware and the State of Arkansas for purposes of federal diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

11. The controversy in this civil action is thus between citizens of different states: Plaintiff, who is a citizen of Florida; PM USA, which is a citizen of Virginia; RAI and Reynolds, which are citizens of North Carolina; Sante Fe, which is a citizen

of both New Mexico and North Carolina; and Walmart, which is a citizen of both Delaware and Arkansas. Complete diversity exists between the parties, and removal is proper and appropriate under 28 U.S.C §§ 1332(a) and 1441(b).

## II.   The Amount in Controversy Requirement is Satisfied.

12.   Although Plaintiff's Complaint states that he seeks damages in excess of $50,000, *see* Compl. ¶ 1, based on the specific allegations and damages outlined therein, it is "facially apparent" that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that a district court may consider whether the jurisdictional amount is "facially apparent" from the complaint). Specifically, Plaintiff alleges that he developed chronic obstructive pulmonary disease (COPD) and suffered a heart attack allegedly caused by smoking cigarettes designed and manufactured by Defendants, and sold by Defendants and Walmart. Compl. ¶¶ 15–18, 189, 197, 217, 262. Plaintiff seeks "compensatory and multiple damages," including for "conscious pain and suffering, mental anguish, the expense of medical and/or nursing care and treatment," "lost earnings, and other losses." *Id.* at ¶¶ 189, 197; *see also id.* at ¶¶ 222, 248.

13.   Thus, although Defendants deny liability and deny that Plaintiff is entitled to recover any damages whatsoever, the nature of Plaintiff's allegations, including his allegations that Defendants caused his numerous personal injuries, along with the relief and "multiple damages" sought, demonstrates the Complaint's satisfaction of the jurisdictional amount requirement.

14. Similar alleged damages have been found to satisfy the jurisdictional threshold. *See, e.g.*, *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982) (holding that the complaint, which alleged permanent and serious injuries, loss of wages, loss of earning capacity, loss of capacity for the enjoyment of life and great expenses for future medical treatment, was removable on its face); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 542 (S.D. Fla. 1986) ("Where a fair reading of the complaint in a state suit based on serious personal injuries places the defendant on notice as to the substantial amount of damages involved, the defendant should be aware that the claim is removable even though the plaintiff merely alleges the state court's minimum jurisdictional amount."). Because the Complaint in this case alleges damages similar to those alleged in the cases cited, and seeks "multiple damages," the jurisdictional amount in controversy requirement is satisfied.

15. Moreover, the United States Supreme Court has held that a notice of removal needs to contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court jurisdiction, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 82. Here, there can be little question that the amount in controversy requirement is established.

16. Further, in two recent smoking-and-health cases tried in Florida, the juries awarded significantly more than $75,000 in damages. *See, e.g.*, Verdict Form, *Garcia v. R.J. Reynolds Tobacco Co.*, No. 2017-005523 CA 06 (Fla. 11th Cir. Ct. June 10,

2024) (a wrongful death case where the jury awarded a total of $6 million in compensatory damages) (Ex. A); Verdict Form, *Bessent-Dixon v. R.J. Reynolds Tobacco Co.*, No. 2015-CA-002554 (Fla. 8th Cir. Ct. Apr. 11, 2024) (a wrongful death case where the jury awarded a total of nearly $9 million in compensatory damages) (Ex. B). These verdicts demonstrate the amount in controversy in smoking-and-health cases against cigarette manufacturers is well over the jurisdictional limit.

## Procedure and Venue

17. The United States District Court, Middle District of Florida, is the proper venue in which to file this Notice of Removal under 28 U.S.C. § 1446(a) because it is the federal district court that embraces the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, the place where this action was originally filed. *See* 28 U.S.C. § 89(a); *see also* Local Rule 1.04(a).

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of this action." This Notice of Removal is filed jointly by Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., Reynolds American, Inc., all of which consent to removal in this case. Walmart also consents to removal in this case.

19. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached.

20. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this case is being served on all parties, and a Notice of Filing of this Notice of Removal will be filed promptly in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida.

21. No previous application has been made for the relief requested herein.

22. By removing this action from state court, Defendants do not admit any of the allegations in Plaintiff's Complaint.

23. This Notice of Removal is solely for the procedural purpose of removing this case to federal court, and Defendants expressly reserve and preserve any and all legal defenses and bases for dismissal available under Florida and federal law in subsequent proceedings.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. Defendants request a trial by jury on all issues so triable.

26. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present written and oral argument in support of removal.

## Conclusion

WHEREFORE, Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc., hereby give notice of removal of the matter styled as *Ross Freitas v. Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., Reynolds*

*American, Inc., and Walmart, Inc.*, Case No. 2024-005053-CI (Fla. 6th Cir. Ct.) to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

<div style="columns: 2">

/s/ *Ashley P. Hayes*
Ashley P. Hayes
*LEAD COUNSEL*
Florida Bar No. 91483
SHOOK, HARDY & BACON L.L.P.
100 N. Tampa Street, Suite 2900
Tampa, Florida  33602
Telephone:   (813) 202-7100
Facsimile:   (813) 221-8837
SHBPMAttyNonEngle@shb.com
ahayes@shb.com

J. Daniel Gardner
Florida Bar No. 58639
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida  33131
Telephone:   (305) 358-5171
Facsimile:   (305) 358-7470
SHBPMAttyNonEngle@shb.com
jgardner@shb.com
 ***Counsel for Philip Morris USA Inc.***

/s/ *Troy Fuhrman*
Troy A. Fuhrman
*LEAD COUNSEL*
Florida Bar No. 985211
HILL WARD & HENDERSON
101 East Kennedy Boulevard, Suite 3700
P.O. Box 2231
Tampa, FL 33602
troy.fuhrman@hwhlaw.com
reynolds@hwhlaw.com

Emily Baker
Florida Bar No. 87555
Simon P. Hansen
Florida Bar No. 124382
JONES DAY
1221 Peachtree St, N.E., Suite 400
Atlanta, GA  30309-3053
ecbaker@jonesday.com
shansen@jonesday.com

***Counsel for R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.***

</div>

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Service through the CM/ECF E-Filing Portal to all counsel of record registered to receive such service and by Electronic Mail to all counsel on the attached Service List on this 3rd day of February, 2025.

<div align="right">

*/s/ Ashley P. Hayes*
***Counsel for Philip Morris USA Inc.***

</div>

## SERVICE LIST
*Ross Freitas v. Philip Morris USA Inc., et al.*

***Counsel for Plaintiff:***
Scott Schlesinger, Esq.
Jonathan Gdanski, Esq.
Jeffrey Haberman, Esq.
Tyler Owens, Esq.
SCHLESINGER LAW OFFICES, P.A.
1212 S.E. Third Avenue
Fort Lauderdale, FL  33316
scott@schlesingerlaw.com
jgdanski@schlesingerlaw.com
jhaberman@schlesingerlaw.com

***Counsel for Walmart Inc.:***
Brandon T. Holmes, Esq.
DINSMORE & SHOHL LLP
Tampa City Center
201 N. Franklin Street, Suite 3050
Tampa, FL  33602
brandon.holmes@dinsmore.com

***Counsel for R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., and Reynolds American, Inc.:***
Emily Baker, Esq.
Simon P. Hansen, Esq.
JONES DAY
1221 Peachtree St, N.E., Suite 400
Atlanta, GA  30309-3053
ecbaker@jonesday.com
shansen@jonesday.com

Troy A. Fuhrman, Esq.
HILL WARD & HENDERSON
101 East Kennedy Boulevard, Suite 3700
P.O. Box 2231
Tampa, FL 33601
troy.fuhrman@hwhlaw.com
reynolds@hwhlaw.com